# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
### DALLAS DIVISION

| | |
|---|---|
| MALCOLM D. PANICH, | CIVIL COMPLAINT |
| Plaintiff, | |
| v. | CASE NO. 3:21-cv-01210 |
| NATIONWIDE RECOVERY SYSTEMS, LTD, | DEMAND FOR JURY TRIAL |
| Defendant. | |

## COMPLAINT

**NOW COMES** Malcolm D. Panich ("Plaintiff"), by and through his undersigned attorneys, complaining as to the conduct of Nationwide Recovery Systems ("Defendant") as follows:

### NATURE OF THE ACTION

1.  Plaintiff brings this action seeking redress for violations of the Fair Debt Collection Practices Act ("FDCPA") pursuant to 15 U.S.C. §1692 *et seq*. and violations of the Texas Debt Collection Act ("TDCA") pursuant to Tex. Fin. Code Ann §392 *et seq*.

### JURISDICTION AND VENUE

2.  Subject matter jurisdiction is conferred upon this Court by the FDCPA, and 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States.

3.  Supplemental Jurisdiction exists for the state law TDCA claim pursuant to 28 U.S.C. §1367.

4.  Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Plaintiff resides in the Northern District of Texas, Defendant conducts business in the Northern District of Texas, and a substantial portion of the events or omissions giving rise to the claims occurred within the Northern District of Texas.

1

## PARTIES

5.   Plaintiff is a natural person over 18-years-of-age and is a "consumer" as the term is defined by 15 U.S.C §1692a(3), and is a "person" as defined by 47 U.S.C. §153(39).

6.   Defendant is a corporation organized and existing under the laws of Texas. Defendant uses the mail and telephone for the principal purpose of collecting debts from consumers on a nationwide basis, including consumers in the State of Texas. Defendant maintains its principal place of business at 501 Shelly Dr. Suite 300, Tyler, Texas 75701.

7.   Defendant is a collection agency with the primary purpose of collecting or attempting to collect consumer debts owed or allegedly owed to others. Defendant is engaged in the business of collecting or attempting to collect, directly or indirectly, defaulted debts owed or due or asserted to be owed or due to others using the mail and/or telephone, including consumers in the State of Texas.

## FACTS SUPPORTING CAUSES OF ACTION

8.   Prior to the events giving rise to this cause of action, Plaintiff incurred a medical debt from Poppy Drive Inpatient Services ("subject debt").

9.   Sometime thereafter, Plaintiff could not keep up with payments and defaulted on the subject debt.

10. Subsequently, Defendant acquired the right to collect on the defaulted subject debt.

11. In early April 2021, Defendant began placing collection calls to Plaintiff's telephone number (972) XXX-3438, in an attempt to collect on the subject debt.

12. Plaintiff was the sole subscriber, owner, possessor, and operator of the telephone ending in 3438.

13. In an attempt to collect on the subject debt, Defendant requested that Plaintiff pay around $900 for a medical debt dating back three or four years ago. This caused Plaintiff to request Defendant to stop calling him.

14. Plaintiff's demand that Defendant's phone calls cease fell on deaf ears and Defendant continued its phone harassment campaign, calling Plaintiff's phone number.

15. In total, Defendant placed or caused to be placed numerous harassing phone calls to Plaintiff's telephone from early April 2021 through the present day, sometimes with multiple calls taking place in one day.

16. Defendant spoofed its caller ID in order to trick Plaintiff into answering its calls and willfully attempt to collect the subject debt from Plaintiff.

17. Upon information and belief, Defendant placed its calls to Plaintiff's telephone using an automated telephone dialing system, a telephone dialing system that is commonly used in the debt collection industry to collect defaulted debts.

### DAMAGES

18. Defendant's harassing phone calls have severely disrupted Plaintiff's daily life and general well-being.

19. Defendant's phone harassment campaign and illegal collection activities have caused Plaintiff actual harm, including but not limited to, invasion of privacy, nuisance, intrusion upon and occupation of Plaintiff's telephone capacity, wasting Plaintiff's time, the increased risk of personal injury resulting from the distraction caused by the incessant phone calls, aggravation that accompanies unsolicited telephone calls, emotional distress, mental anguish, anxiety, loss of concentration, diminished value and utility of telephone equipment and telephone subscription

services, the loss of battery charge, and the per-kilowatt electricity costs required to recharge his telephone as a result of increased usage of his telephone services.

20. Concerned about the violations of his rights and invasion of his privacy, Plaintiff was forced to seek the assistance of counsel to file this action to compel Defendant to cease its unlawful conduct.

## COUNT I – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

21. Plaintiff restates and realleges paragraphs 1 through 20 as though fully set forth herein.

22. Plaintiff is a "consumer" as defined by FDCPA §1692a(3).

23. Defendant is a "debt collector" as defined by §1692a(6) because its primary business is the collection of delinquent debts and it regularly collects debts and uses the mail and/or the telephones to collect delinquent accounts allegedly owed to a third party.

24. Moreover, Defendant is a "debt collector" because it acquired rights to the subject debt after it was in default. 15 U.S.C. §1692a(6).

25. The debt in which Defendant attempting to collect upon is a "debt" as defined by FDCPA §1692a(5) as it arises out of a transaction due or asserted to be owed or due to another for personal, family, or household purposes.

26. Defendant used the phone to attempt to collect the subject debt and, as such, engaged in "communications" as defined in FDCPA §1692a(2).

27. Defendant's communications to Plaintiff were made in connection with the collection of the subject debt.

28. Defendant violated 15 U.S.C. §§1692c(a)(1), d, d(5), and f through its unlawful debt collection practices on a debt that never belonged to Plaintiff.

4

### a. Violations of FDCPA § 1692c

29. Defendant violated §1692c(a)(1) when it continuously called Plaintiff after being notified to stop. This repeated behavior of continuously and systematically calling Plaintiff's phone over and over after he demanded that it cease contacting him was harassing and abusive. Even after being told to stop contacting him, Defendant continued its onslaught of phone calls with the specific goal of oppressing and abusing Plaintiff into making a payment on the subject debt.

30. Furthermore, the enormous volume of calls shows that Defendant willfully ignored Plaintiff's pleas with the goal of annoying and harassing him into submission.

31. Defendant was notified by Plaintiff that its calls were not welcomed. As such, Defendant knew that its conduct was inconvenient, unwanted, and distressing to him.

### b. Violations of FDCPA § 1692d

32. Defendant violated §1692d by engaging in abusive, harassing, and oppressive conduct by relentlessly calling Plaintiff's phone seeking immediate payment on the subject debt. Moreover, Defendant continued placing the relentless calls after Plaintiff put Defendant on notice that its calls were not welcome on numerous occasions.

33. Defendant violated §1692d(5) by causing Plaintiff's phone to ring repeatedly and continuously in an attempt to engage Plaintiff in conversations regarding the collection of the subject debt with the intent to annoy, abuse, or harass Plaintiff. Furthermore, Defendant continued to place these calls after Plaintiff informed Defendant its calls were no longer welcome. Specifically, Defendant placed or caused to be placed numerous harassing phone calls to Plaintiff's telephone from early April 2021, through the present day.

### c. Violations of FDCPA § 1692f

34. Defendant violated §1692f when it unfairly and unconscionably attempted to collect on a debt by continuously calling Plaintiff after Plaintiff requested that the calls stop. By placing voluminous phone calls after becoming privy to the fact that its collection calls were not welcome is unfair and unconscionable behavior.  These means employed by Defendant only served to worry and harass Plaintiff.

35. Moreover, Defendant unfairly unconscionably and spoofed its caller ID in order to trick Plaintiff into answering its calls and willfully attempt to collect the subject debt from Plaintiff.

36. As an experienced debt collector, Defendant knew or should have known the ramifications of collecting on a debt through incessant harassing phone calls to the phones of consumers that do not legally owe such debt.

37. Upon information and belief, Defendant systematically attempts to collect debts through harassing conduct and has no procedures in place to assure compliance with the FDCPA.

38. As stated above, Plaintiff was severely harmed by Defendant's conduct.

**WHEREFORE**, Plaintiff Malcolm D. Panich respectfully requests that this Honorable Court:
    a. Declare that the practices complained of herein are unlawful and violate the aforementioned statute;
    b. Award Plaintiff statutory and actual damages, in an amount to be determined at trial, for the underlying FDCPA violations;
    c. Award Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k; and
    d. Award any other relief as the Honorable Court deems just and proper.

### COUNT II – VIOLATIONS OF THE TEXAS DEBT COLLECTION ACT

39. Plaintiff restates and realleges paragraphs 1 through 38 as though fully set forth herein.

40. Plaintiff is a "consumer" as defined by Tex. Fin. Code Ann. § 392.001(1).

41. Defendant is a "third party collector" as defined by Tex. Fin. Code Ann § 392.001(7).

42. The subject debt is a "debt" and a "consumer debt" as defined by Tex. Fin. Code Ann. § 392.001(2) as it is an obligation, or alleged obligation, arising from a transaction for personal, family, or household purposes.

### a.   Violations of  TDCA § 391.302

43. The TDCA, pursuant to Tex. Fin. Code Ann. § 392.302(4), states that "a debt collector may not oppress, harass, or abuse a person by causing a telephone to ring repeatedly or continuously, or making repeated or continuous telephone calls, with the intent to harass a person at the called number."

44. Defendant violated the TDCA when it called Plaintiff repeatedly despite his request that the calls cease. The repeated calls were made with the hope that Plaintiff would surrender to the harassing behavior and ultimately make a payment on the subject debt.

45. Moreover, Defendant unfairly and unconscionably spoofed its caller ID in order to trick Plaintiff into answering its calls and willfully attempt to collect the subject debt from Plaintiff.

46. Upon being told to stop calling, Defendant had ample reason to be aware that it should not continue its harassing calling campaign. Yet, Defendant consciously chose to continue placing systematic calls to Plaintiff's phone knowing that its conduct was unwelcome.

**WHEREFORE**, Plaintiff Malcolm D. Panich respectfully requests that this Honorable Court:

a. Declare that the practices complained of herein are unlawful and violate the aforementioned statute;

b. Entitling Plaintiff to injunctive relief pursuant to Tex. Fin. Code Ann. § 392.403(a)(1);

c. Award Plaintiff actual damages, pursuant to Tex. Fin. Code Ann. § 392.403(a)(2);

d. Award Plaintiff punitive damages, in an amount to be determined at trial, for the underlying violations;

e. Award Plaintiff costs and reasonable attorney fees as provided under Tex. Fin. Code Ann. § 392.403(b) ; and

f. Award any other relief as the Honorable Court deems just and proper.

**Plaintiff demands trial by jury.**

Dated: May 26, 2021                                    Respectfully Submitted,

                                                      /s/ Marwan R. Daher
                                                      /s/ Omar T. Sulaiman
                                                      Marwan R. Daher, Esq.
                                                      Omar T. Sulaiman, Esq.
                                                      *Counsel for Plaintiff*
                                                      Sulaiman Law Group, Ltd
                                                      2500 S Highland Ave, Suite 200
                                                      Lombard, IL 60148
                                                      Telephone: (630) 575-8181
                                                      mdaher@sulaimanlaw.com
                                                      osulaiman@sulaimanlaw.com